UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-506-MOC
(3:18-cr-122-MOC-DSC-1)

| KYLE DEAN HOUSER, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, arguing that his conviction for violating 18 U.S.C. § 924(c) is invalid under United States v. Davis, 139 S.Ct. 2319 (2019). (Doc. No. 1).

## I. BACKGROUND

Petitioner was charged by Bill of Information[1] with: Count (1), conspiracy to distribute and possess with intent to distribute at least 500 grams of a mixture and substance containing methamphetamine (21 U.S.C. §§ 841(b)(1)(A), 841(a)(1), 846); and Count (2), possession of firearms in furtherance of a drug trafficking crime, *i.e.*, the drug conspiracy charged in Count (1) (18 U.S.C. § 924(c)). (3:18-cr-122, Doc. No. 14). Petitioner pled guilty to both charges and admitted his guilt. (Id., Doc. No. 15) (Plea Agreement); see also (Id., Doc. No. 16) (Factual Basis).

The Presentence Investigation Report ("PSR") scored the base offense level for Count (1) as 32 because the offense involved at least 1.5 kilograms, but less than 5 kilograms, of methamphetamine as stipulated by the parties. (Id., Doc. No. 28 at ¶ 17). Two levels were added

---

[1] Petitioner waived indictment. See (3:18-cv-cr-122, Doc. No. 18).

1

because Petitioner maintained premises for the purposes of manufacturing or distributing a controlled substance. (Id., Doc. No. 28 at ¶ 19). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 31 for Count (1). (Id., Doc. No. 28 at ¶¶ 25, 27). Petitioner had 10 criminal history points and a criminal history category of V. (Id., Doc. No. 28 at ¶¶ 46-47). The resulting guideline range for Count (1) was 168 to 210 months' imprisonment plus the five-year consecutive sentence required by statute for Count (2). (Id., Doc. No. 28 at ¶ 28, 97-98).

The Court granted a downward variance and reduced the offense level to 28, resulting in a revised advisory guideline range of 130 to 162 months' imprisonment. See (Id., Doc. No. 35). In a Judgment entered on November 2, 2018, the Court sentenced Petitioner to 132 months' imprisonment for Count (1) and 60 months, consecutive, for Count (2) for a total sentence of 192 months' imprisonment. (Id., Doc. No. 34). Petitioner did not appeal.

Petitioner timely filed the instant § 2255 Motion to Vacate on September 26, 2019. Liberally construing the *pro se* claims,[2] Petitioner appears to argue that his § 924(c) conviction and sentence should be vacated because § 924(c) is unconstitutional pursuant to Davis.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

---

[2] Petitioner states his claims as follows:
GROUND ONE: 924(c) is a newly rule of unconstitutional law the appeal for a new rule of constitutional law in my case. The newly rule is the 924(c) is unconstitutional. The Davis case, Johnson and Dimaya, Walker all meets those criteria.
GROUND TWO: 924(c)'s is a newly rule of constitutional law. The newly rule law states that the 924(c)'s are unconstitutional.
(Doc. No. 1 at 4-5).
As relief, Petitioner requests "vacate, set aside or correct a sentence." (Doc. No. 1 at 13).

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "drug trafficking crime" is "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2).

A "crime of violence" is defined as an offense that is a felony and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Supreme Court recently held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. Davis, 139 S.Ct. at 2319.

Davis provides Petitioner no relief because the offense underlying his § 924(c) conviction

is conspiracy to distribute and possession with intent to distribute methamphetamine, which is drug trafficking crime under the Controlled Substances Act, and not a crime of violence. Petitioner's § 924(c) conviction does not implicate Davis and remains valid. Therefore, the § 2255 Motion to Vacate is meritless and will be denied.

### III. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is denied on the merits.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § Motion to Vacate, (Doc. No. 1), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 18, 2019

Max O. Cogburn Jr
United States District Judge